IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD BANANA, No. M-42740, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 24−cv−1109-DWD |
| ) | |
| DEE DEE BROOKHART, ) | |
| ) | |
| Respondent. ) | |
| ) | |

## ORDER

**DUGAN, District Judge:**

Petitioner, an inmate in the custody of the Illinois Department of Corrections, currently housed at Lawrence Correctional Center, brings this action for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement. Petitioner challenges the manner in which his state sentence is being executed or carried out, arguing that he has been kept past his release date.

This matter is now before the Court for a preliminary review of the § 2254 Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the Petition in the present case, the Court concludes that the § 2254 petition warrants further review.

Without commenting on the merits of Petitioner's claim, the Court concludes that the Petition survives preliminary review under Rule 4. Given the limited record available at this time, it is not plainly apparent that Petitioner is not entitled to habeas relief.

Accordingly, the Court **ORDERS** Respondent to answer or otherwise plead on or before **November 8, 2024**. Petitioner will then have until **November 22, 2024,** to file a Reply. This preliminary order does not preclude Respondent from raising any objection or defense it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601, shall constitute sufficient service.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk of Court (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification must be done in writing and no later than seven days after a transfer or other change in address occurs. Failure to provide notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**SO ORDERED.**

Dated: October 18, 2024

/s *David W. Dugan*

_____
DAVID W. DUGAN
United States District Judge