IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD BANANA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 3:24-cv-1109-DWD |
| ) | |
| DEE DEE BROOKHART, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Petitioner Donald Banana's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1). Petitioner was incarcerated at Lawrence Correction Center at the time he filed his petition but has since been released from custody. *See* IDOC website, search for Petitioner's IDOC number, M42740, *available at* http://www2.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last visited November 6, 2025) (showing "Inmate NOT found" when searching Petitioner's name and inmate number).

Petitioner pleaded guilty to unlawful use of a weapon and escape for violating electronic monitoring on August 31, 2022, in the Circuit Court of Cook County, Illinois. Petitioner was sentenced to a total of six years in prison to be followed by a one-year term of mandatory supervised release. *See* Sentencing Order, *People v. Banana*, No. 20-CR-6353 (Cook Cnty. Cir. Ct. Aug. 31, 2022); Sentencing Order, *People v. Banana*, No. 20-CR-5224 (Cook Cnty. Cir. Ct. Aug. 31, 2022). Petitioner filed the instant Petition April 15, 2024,

claiming that he was being held beyond his release date after accruing various sentencing credits. (Doc. 1). The Petition was not clear as to whether Petitioner sought release from the correctional facility in which he was incarcerated to begin his term of mandatory supervised release, or if he believed that he was entitled to release from custody altogether.

Respondent filed its Answer to the Petition on January 9, 2025. (Doc. 17). By that time, Petitioner was no longer incarcerated and was on mandatory supervised release. As such, Respondent argued that if the relief Petitioner sought was release onto mandatory supervised release, then the Petition was moot because that had already taken place. Respondent alternatively argued that if Petitioner sought release from state custody altogether, then his claim was procedurally defaulted for failing to present it through one complete round of state court review. (Doc. 17, pgs. 7–10).

Under 28 U.S.C. § 2241(c), a writ of habeas corpus "shall not extend to a prisoner" unless he is "in custody." The "in custody" requirement is satisfied at the time of the filing of the petition. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Therefore, an inmate that is released while his petition for writ of habeas corpus is pending can still meet the "in custody" requirement. His release does not necessarily moot his petition.

However, a petition must present a "case or controversy" to remain valid. *See A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004) ("The inability to review moot cases stems from the requirement of Article III of the Constitution which limits the exercise of judicial power to live cases or controversies."). The Seventh Circuit directs a federal court to "dismiss a case as moot when it cannot give the petitioner any effective relief." *Id.* After

a habeas petitioner has been released from custody some "concrete and continuing injury" or "collateral consequences" must exist as a result of the detention being challenged for the suit to present a continued case or controversy. *Spencer*, 523 U.S. at 7. In other words, a released inmate's petition is not necessarily moot "if the person suffers sufficient collateral consequences from the sentence." *Cochran v. Buss*, 381 F.3d 637, 640 (7th Cir. 2004).

Here, no evidence suggests, nor does Petitioner identify any such collateral consequence. Petitioner has been released from IDOC custody, and it appears that he is no longer on mandatory supervised release. Thus, his Petition seeking his release does not present a live case or controversy and is therefore moot.

For the reasons set forth above, this habeas corpus action is **DISMISSED without prejudice** as moot. The Clerk of Court is **DIRECTED** to enter judgment in accordance with this order.

Further, pursuant to Habeas Rule 11(a), the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability, a petitioner is required to make "a substantial showing of the denial of the constitutional right." 28 U.S.C. § 2253(c)(2); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). To do so, a petitioner must demonstrate that "reasonable jurists could debate whether […] the petition should have been resolved in a different manner[.]" *Peterson*, 751 F.3d at 528. Here, for the reasons provided above, reasonable jurists would not debate that this Court lacks subject matter jurisdiction where the Petition fails to

present a live case or controversy. Accordingly, the Court **DENIES** issuance a certificate of appealability.

**SO ORDERED.**

Dated: November 7, 2025　　　　　　　　　　　/s/ *David W. Dugan*

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　DAVID W. DUGAN
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge